B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br><br>James L. Drake, Jr., Trustee | DEFENDANTS<br><br>OneWest Bank, F.S.B. and Mortgage Electronic Registration Systems ("MERS") |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br><br>James L. Drake, Jr.<br>P.O. Box 9945<br>Savannah, Georgia 31412<br>(912) 790-1533 | ATTORNEYS (If Known)<br><br>Sidney Gelernter<br>McCurdy and Candler, L.L.C.<br>P.O. Box 57<br>Decatur, GA 30031<br>(404) 373-1612 |
| PARTY (Check One Box Only)<br>□ Debtor    □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor    □ Other<br>☒ Trustee | PARTY (Check One Box Only)<br>□ Debtor    □ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor    □ Other<br>□ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Declaratory Judgment
Extent, Validity and Priority of Liens

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
□ 11-Recovery of money/property - §542 turnover of property
□ 12-Recovery of money/property - §547 preference
□ 13-Recovery of money/property - §548 fraudulent transfer
□ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☒ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
□ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
□ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
□ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
□ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
□ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
□ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
□ 61-Dischargeability - §523(a)(5), domestic support
□ 68-Dischargeability - §523(a)(6), willful and malicious injury
□ 63-Dischargeability - §523(a)(8), student loan
□ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
□ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
□ 71-Injunctive relief – imposition of stay
□ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
□ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☒ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
□ 01-Determination of removed claim or cause

**Other**
□ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
□ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☒ Check if this case involves a substantive issue of state law | □ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| □ Check if a jury trial is demanded in complaint | Demand $ |

Other Relief Sought

**B104 (FORM 104) (08/07), Page 2**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>Marioara L. Barbos | | BANKRUPTCY CASE NO.<br>09-42907-LWD | |
| DISTRICT IN WHICH CASE IS PENDING<br>Southern | | DIVISION OFFICE<br>Savannah | NAME OF JUDGE<br>Lamar Davis |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | | |
| DATE<br><br>June 11, 2010 | | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>James L. Drake, Jr., Trustee | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | Chapter 7 |
| MARIOARA L. BARBOS | ) | |
| | ) | Case No. 09-42907-LWD |
| Debtor. | ) | |
| | ) | |
| | ) | |
| JAMES L. DRAKE, JR., TRUSTEE | ) | |
| | ) | |
| Plaintiff. | ) | |
| v. | ) | Adv. Proceeding No.:_____ |
| | ) | |
| ONEWEST BANK F.S.B., and | ) | |
| MORTGAGE ELECTRONIC | ) | |
| REGISTRATION SYSTEMS, INC., | ) | |
| ("MERS"), INDIVIDUALLY AND AS | ) | |
| NOMINEE FOR HOMESOUTH | ) | |
| MORTGAGE CORP., | ) | |
| Defendants. | ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT TO DETERMINE THE EXTENT, VALIDITY, AND PRIORITY OF LIENS

NOW COMES Plaintiff, James L. Drake, Jr., trustee for the estate of Marioara L. Barbos, Debtor, and Plaintiff herein (the "Plaintiff"), and states the following as a Complaint for declaratory judgment to determine the extent, validity, and priority of liens.

### JURISDICTION AND VENUE

1. This is a civil proceeding which arises under Title 11 of the United States Code, or arises in or is related to *In re Marioara L. Barbos*, a Chapter 7 case pending under Title 11 of the United States Code, before the United States Bankruptcy Court for the Southern District of Georgia, Savannah Division ("Court" or "Bankruptcy Court"), Case Number 09-42907-LWD.

1

2. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(F).

3. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b) and 157.

4. Venue in this district is proper pursuant to 28 U.S.C. § 1409.

## PARTIES

5. Plaintiff repeats and realleges the previous paragraphs as if fully set forth herein.

6. Marioara L. Barbos is a natural person who, at all relevant times, has resided at 1913 Whitemarsh Way, Chatham County, Georgia.

7. Marioara L. Barbos ("Debtor") is also a debtor in bankruptcy, having initiated the above-referenced Chapter 7 proceeding in this Court on December 23, 2009.

8. Upon information and belief, HomeSouth Mortgage Corp. ("HSM") was a Florida banking corporation with an address of 13500 Sutton Park Drive S #803, Jacksonville, Florida 32224.

9. Upon further information and belief, HSM was administratively dissolved on September 25, 2009.

10. Upon information and belief, Defendant OneWest Bank, F.S.B. ("OneWest") is a federally chartered corporation with offices at 888 East Walnut Street, Pasadena, California 91101.

11. OneWest may be properly served with service of process pursuant to FED. R. BANKR. P. 7004 by mailing a copy of the Summons and Complaint via Certified Mail addressed to Molly Graham, First Vice President, OneWest Bank, F.S.B., 888 East Walnut Street, Pasadena, California 91101 and/or Lorna Lualhati, Agent for Service, OneWest Bank, F.S.B., 888 East Walnut Street, Pasadena, California 91101.

12. Upon information and belief, Defendant Mortgage Electronic Registration Systems ("MERS") is a privately held Delaware corporation.

13. Upon further information and belief, Defendant MERS regularly transacts business in the State of Georgia, including the electronic registration and transfer of Security Deeds, specifically including the real property which is the subject of this action.

14. Upon further information and belief, MERS may be properly served with process pursuant to FED. R. BANKR. P. 7004 at 3300 SW 34th Ave., Suite 101, Ocala, Florida 34474 and/or with process by and through R.K. Arnold, President and Chief Executive Officer, Mortgage Electronic Registration Systems, Inc., c/o, The Corporation Trust Company, Corporation Trust Center 1209 Orange Street, Wilmington Delaware, 19801 and/or via Certified Mail addressed to R.K. Arnold, President and Chief Executive Officer, Mortgage Electronic Registration Systems, Inc., P.O. Box 2026, Flint, Michigan 48501-2026.

## FACTUAL ALLEGATIONS
## COMMON TO ALL CLAIMS FOR RELIEF

15. Plaintiff repeats and realleges the previous paragraphs as if fully set forth herein.

16. On June 20, 2006, a Limited Warranty Deed ("the Warranty Deed") was made and entered into by and between Kings Merritt at WhiteMarsh Apartments, LLC ("the Grantor") and the Debtor, Marioara L. Barbos a/k/a Maroara Barbos ("the Grantee"). A copy of the Warranty Deed is attached hereto as **EXHIBIT A** and incorporated by reference herein.

17. The Warranty Deed was recorded on July 5, 2006 in Deed Book 309D, Pages 304-306, Chatham County, Georgia Records.

18. The Warranty Deed purports to convey to the Debtor/Grantee all right, title, and interest in real property briefly described on the face of the Warranty Deed as Unit

3

1913, The Merritt at Whitemarsh Condominium, Chatham County, Georgia ("the Property").

19. A more particular description of the Property is set out on Exhibit A to the Warranty Deed and is recorded with the Warranty Deed in Book 309D, Page 306.

20. On June 20, 2006, the Debtor executed and delivered a Note (the "Note") payable to HomeSouth Mortgage Corp. ("HSM") in the principal amount of $135,920.00. A copy of the Note is attached hereto as **EXHIBIT B** and incorporated by reference herein.

21. There is no Assignment on the last page of the Note (Page 2 of 2), nor is Plaintiff is aware of any Allonge assigning the Note to another entity.

22. On or about June 20, 2006, the Debtor executed and delivered a Security Deed for the benefit of MERS ("1st Security Deed"). A copy of the 1st Security Deed is attached hereto as **EXHIBIT C** and incorporated by reference herein.

23. The 1st Security Deed was recorded on July 5, 2006 in Deed Book 309D, Pages 307-320, Chatham County, Georgia Records.

24. Paragraph E on Page 1 of 9 refers to a Note dated June 20, 2006 payable in the amount of $135,920.00.

25. Paragraph Q on Page 2 of 9 of the 1st Security Deed identifies the Property Address as 15 Johnny Mercer Blvd-Unit 1913, Savannah, Georgia 31410.

26. Paragraph Q on Page 2 of 9 of the 1st Security Deed also indicates that the legal description of the Property is attached thereto and made a part thereof.

27. More particularly, the legal description of the Property is recorded with the 1st Security Deed in Book 309D, Page 316 in the Chatham County, Georgia Records.

28. The first sentence of the legal description of the Property recorded with the 1st Security Deed in Book 309D, Page 316 describes the Property as "ALL that certain

4

lot, tract or parcel of land situate, lying and being in Chatham County, Georgia, and known as **UNIT 1913, MERRITT AT WHITEMARSH CONDOMINIUM...**"

29. Paragraph (C) on the first page of the 1st Security Deed explicitly states the following:

> "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. *MERS is the grantee under this Security Instrument.* MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS. (Emphasis Added).

30. The Lender is identified in the 1st Security Deed as HomeSouth Mortgage Corp.

31. On or about June 20, 2006, the Debtor executed and delivered a 2nd Security Deed for the benefit of MERS ("2nd Security Deed"). A copy of the 2nd Security Deed is attached hereto as **EXHIBIT D** and incorporated by reference herein.

32. The 2nd Security Deed was recorded on July 11, 2006 in Deed Book 309L, Pages 107-115, Chatham County, Georgia Records.

33. Page 1 of 4 of the 2nd Security Deed refers to a Note dated June 20, 2006 payable in the amount of $33,980.00.

34. Page 1 of 4 of the 2nd Security Deed identifies the Property Address as 15 Johnny Mercer Blvd-Unit 1913, Savannah, Georgia 31410.

35. Page 1 of 4 of the 2nd Security Deed also indicates that the legal description of the Property is attached thereto and made a part thereof.

36. More particularly, the legal description of the Property is recorded with the 2nd Security Deed in Book 309L, Page 111 in the Chatham County, Georgia Records.

37. The first sentence of the legal description of the Property recorded as Exhibit "A" with the 2nd Security Deed in Book 309L, Page 111 describes the Property as "ALL that certain lot, tract or parcel of land situate, lying and being in Chatham County,

5

Georgia, and known as **UNIT 1323, MERRITT AT WHITEMARSH CONDOMINIUM...**"

38. The Debtor, Marioara Barbos, does not own unit 1323, Merritt at Whitemarsh Condominium.

39. Paragraph (C) on the first page of the 2nd Security Deed explicitly states the following:

> "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. *MERS is the grantee under this Security Instrument.* MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS. (Emphasis Added).

40. The Lender is identified in the 2nd Security Deed as HomeSouth Mortgage Corp.

41. On December 23, 2009, the Debtor filed a voluntary petition for relief with this Court under Chapter 7 of the United States Bankruptcy Code ("the Bankruptcy Filing").

42. On January 5, 2010, OneWest filed a Motion for Relief from Stay ("the Motion") in the underlying bankruptcy. The 1st Security Deed was attached to the Motion as Exhibit A.

43. On May 19, 2010, OneWest filed a Withdrawal of Motion for Relief from Automatic Stay ("the Withdrawal").

44. Plaintiff is unaware of the existence of any valid assignments of the 1st or 2nd Security Deeds to OneWest or to any other entity.

6

**FIRST CLAIM FOR RELIEF**
**Declaratory Judgment**
**Fed. R. Bankr. P. 7001(9)**
*The Declaratory Judgment Act*, **28 U.S. C. §§ 2201,** *et, seq.*

45. Plaintiff repeats and realleges the previous paragraphs as if fully set forth herein.

46. Plaintiff has a present need for a bona fide declaration as to the extent, validity, and priority of the liens in the subject Property in that he believes the strong arm powers of 11 U.S.C. § 544 permit him as trustee to avoid Defendant(s)' purported security interest in the Debtor's real Property, thereby freeing up significant funds for payment to the Debtor's unsecured creditors.

47. All parties necessary to the resolution of these issues are presently before the Court.

48. Plaintiff is not seeking legal advice, but rather is seeking a resolution of his rights regarding a present controversy as to the Defendants' lien rights against the subject Property.

49. Plaintiff seeks a declaratory judgment that Defendants do not hold a properly perfected security interest in the Property.

**SECOND CLAIM FOR RELIEF**
**Extent, Validity and Priority of Liens**
**Fed. R. Bankr. P. 7001(2), 11 U.S.C. §§ 544 and 551**

**COUNT I**
**AVOIDANCE OF 1ST MORTGAGE RECORDED ON JULY 5, 2006**
**BOOK 309D, PAGE 307, CHATHAM COUNTY, GEORGIA RECORDS**

50. Plaintiff repeats and realleges the previous paragraphs as if fully set forth herein.

51. There is no mention of MERS in the Note, nor is there any indication that Defendant MERS has ever held an interest in the Note.

7

52. The 1st Security Deed attached hereto expressly states on its face that "*MERS is the grantee under this Security Instrument.*" (Emphasis Added).

53. There is no evidence of a valid assignment of the Security Deed from MERS, Grantee under the Security Deed, to another party.

54. The Note and 1st Security Deed in this case are held by two different entities.

55. When the Note and the Security Deed held by different entities are "split" as the Note and Security Deed are split in the case at bar, "the note becomes, as a practical matter, unsecured." Restatement (Third) of Property (Mortgages) § 5.4 cmt. a (1997).

56. The result of the split between the Note and Security Deed is that the holder of the Note has no power to foreclose due to the lack of security, while the holder of the Security Deed suffers no default because only the noteholder is entitled to payment. See Restatement (Third) of Property (Mortgages) § 5.4 cmt. e (1997).

57. Plaintiff believes and therefore alleges that as a result of the aforesaid split between the Note and the Security Deed, none of the Defendants hold a valid lien against the Property. *See Carpenter v. Longan*, 83 U.S. 271, 274 (1872) (stating that "[t]he note and mortgage are inseparable; the former as essential, the latter as an incident"; adding that "[a]n assignment of the note carries the mortgage with it, while an assignment of the latter alone is a nullity"); *Swift v. Bank of Washington*, 114 F.643, 645 (8th Cir. 1902) (stating that ["t]here can be no lien separate from the debt."); *In re Leisure Time Sports, Inc.*, 194 B.R. 859, 861 (9th Cir. 1996) (stating that "[a] security interest cannot exist, much less be transferred, independent from the obligation which it secures" and that, "[i]f the debt is not transferred, neither is the security interest"); and *Bellistri v. Ocwen Loan Servicing, LLC*, 284 S.W.3d 619, 623 (Mo. App. 2009) ("The mortgage loan becomes ineffectual when the noteholder did not also hold the deed of trust").

8

58. Pursuant to the "strong arm" language of 11 USC § 544(a)(3), the Plaintiff may avoid any transfer that could be avoided by a *bona fide* purchaser as of the petition date, regardless of any knowledge of Plaintiff.

59. The Debtor's purported transfer to the Defendant(s) of an interest in the subject property is avoidable because the Note and Security Deed are held by different parties and therefore do not constitute a properly perfected security interest in favor of any Defendant.

60. Plaintiff, in his position as a *bona fide* purchaser of real property has a claim superior to that of the Defendants in the Property.  Pursuant to 11 U.S.C. § 544, Defendants' lien is avoidable by the Trustee, and any such avoided lien is preserved for the benefit of the estate pursuant to 11 U.S.C. § 551.

**COUNT II**
**AVOIDANCE OF 2ND MORTGAGE RECORDED ON JULY 11, 2006**
**BOOK 309L, PAGE 107, CHATHAM COUNTY, GEORGIA RECORDS**

**Incorrect Legal Description**

61. Plaintiff repeats and realleges the previous paragraphs as if fully set forth herein.

62. The 2nd Security Deed contains an erroneous legal description of the Property on Exhibit "A" recorded with the 2nd Security Deed at Book 309L, Page 111 in the Chatham County, Georgia Records as follows:

> ALL that certain lot, tract or parcel of land situate, lying and being in Chatham County, Georgia, and known as **UNIT 1323, MERRITT AT WHITEMARSH CONDOMINIUM....** (Emphasis *not* added).

63. This legal description incorrectly describes the unit as Unit 1323, rather than the correct unit, Unit 1913.  The legal description is defective on its face as it does not describe the Property with reasonable certainty.

9

64. The bankruptcy trustee assumes the rights and powers of a judgment lien creditor, an execution creditor, and a bona fide purchaser of real property to avoid pre-petition liens that are voidable by said parties as of the commencement of the bankruptcy case. 11 U.S.C. §§ 544(a)(1), (a)(2), and (a)(3).

65. The Trustee takes the Debtor's interest in the Property free and clear of any lien not recorded with the Chatham County, Georgia Records with a legal description sufficient to provide inquiry notice of the lien in a title search of the Property.

66. Pursuant to 11 U.S.C. § 544, Defendant(s)' lien is avoidable by the Trustee, and any such avoided lien is preserved for the benefit of the estate pursuant to 11 U.S.C. § 551.

### Split Between Note and Security Deed

67. Plaintiff repeats and realleges the previous paragraphs as if fully set forth herein.

68. The 2nd Security Deed attached hereto as Exhibit D expressly states on its face that "*MERS is the grantee under this Security Instrument.*" (Emphasis Added) and that the lender is HomeSouth Mortgage Corp.

69. There is no evidence of a valid assignment of the Security Deed from MERS, Grantee under the Security Deed, to another party.

70. The Note and 2nd Security Deed in this case are held by two different entities.

71. When the Note and the Security Deed held by different entities are "split" as the Note and Security Deed are split in the case at bar, "the note becomes, as a practical matter, unsecured." Restatement (Third) of Property (Mortgages) § 5.4 cmt. a (1997).

72. The result of the split between the Note and Security Deed is that the holder of the Note has no power to foreclose due to the lack of security, while the holder of the

10

Security Deed suffers no default because only the noteholder is entitled to payment. See Restatement (Third) of Property (Mortgages) § 5.4 cmt. e (1997).

73. Plaintiff believes and therefore alleges that as a result of the aforesaid split between the Note and the Security Deed, none of the Defendants hold a valid lien against the Property. *See Carpenter v. Longan*, 83 U.S. 271, 274 (1872) (stating that "[t]he note and mortgage are inseparable; the former as essential, the latter as an incident"; adding that "[a]n assignment of the note carries the mortgage with it, while an assignment of the latter alone is a nullity"); *Swift v. Bank of Washington*, 114 F.643, 645 (8th Cir. 1902) (stating that ["t]here can be no lien separate from the debt."); *In re Leisure Time Sports, Inc.*, 194 B.R. 859, 861 (9th Cir. 1996) (stating that "[a] security interest cannot exist, much less be transferred, independent from the obligation which it secures" and that, "[i]f the debt is not transferred, neither is the security interest"); and *Bellistri v. Ocwen Loan Servicing, LLC*, 284 S.W.3d 619, 623 (Mo. App. 2009) ("The mortgage loan becomes ineffectual when the noteholder did not also hold the deed of trust").

74. Pursuant to the "strong arm" language of 11 USC § 544(a)(3), the Plaintiff may avoid any transfer that could be avoided by a *bona fide* purchaser as of the petition date, regardless of any knowledge of Plaintiff.

75. The Debtor's purported transfer to the Defendant(s) of an interest in the subject property is avoidable because the Note and Security Deed are held by different parties and therefore do not constitute a properly perfected security interest in favor of any Defendant.

76. Plaintiff, in his position as a *bona fide* purchaser of real property has a claim superior to that of the Defendants in the Property. Pursuant to 11 U.S.C. § 544, Defendants' lien is avoidable by the Trustee, and any such avoided lien is preserved for the benefit of the estate pursuant to 11 U.S.C. § 551.

**WHEREFORE,** the Plaintiff respectfully requests entry of an Order avoiding any lien which may be held by any of the Defendants on the subject Property and preserving

11

said Property for the benefit of the estate; determining that the trustee "stands in the shoes" of any Defendant herein which the Court may consider to be a lienholder with respect to the subject Property, and declaring the trustee to be the holder of a first position lien on said Property; finding whichever Defendant the Court determines to be the holder in due course of the Note to be an unsecured creditor whose interest in the property is inferior to the interest of the trustee; and granting such other and additional relief as the Court deems just and proper.

This the 10th day of June, 2010.

s/ James L. Drake, Jr.
JAMES L. DRAKE, JR., Trustee/ Plaintiff

Prepared by:
JAMES L. DRAKE, JR.
ATTORNEY AT LAW
P. O. BOX 9945
SAVANNAH, GA 31412
(912) 790-1533